UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

LAVERNE CARR,

        Plaintiff,

    - against -

CITIBANK, N.A.,

        Defendant.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/15

**MEMORANDUM
OPINION AND ORDER**

15-cv-6993 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Laverne Carr brings this suit against defendant Citibank, N.A. ("Citibank") alleging violations of the Telephone Consumer Protection Act ("TCPA"), arising from allegations that Citibank auto-dialed plaintiff on her cell phone without her consent. Citibank asserts that this claim must be submitted to arbitration pursuant to a binding arbitration agreement between the parties, and moves to compel arbitration and stay the proceedings in this action. For the following reasons, defendant's motion is GRANTED.

**I.    BACKGROUND**

        In her Complaint, plaintiff asserts Citibank used an auto-dialer to

-1-

make calls to her cell phone number without her consent.[1] The calls were made in connection with plaintiff's Best Buy credit card. Citibank purchased the Best Buy credit card portfolio from Capital One Financial Corp. on February 15, 2013, effective September 6, 2013.[2] It mailed plaintiff the Card Agreement governing the account on October 9, 2013.[3]

The Card Agreement contains an arbitration clause, which provides in relevant part: "Either [Carr] or [Citibank] may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between [Carr] and [Citibank] . . . ."[4] The arbitration clause further provides that "[a]ll claims relating to [Carr's] account, a prior related account, or [the parties'] relationship are subject to arbitration . . . no matter what legal theory they are based on or what remedy . . . they seek."[5] Plaintiff made purchases using the credit card associated with her Best Buy account after Citibank mailed her the Card

---

[1] *See* Complaint ¶¶ 13-14.

[2] *See* 11/2/15 Declaration of Susan Kwiatek, employee of Citibank N.A., in Support of Motion to Compel Arbitration ("Kwiatek Decl.") ¶¶ 5, 10.

[3] *See id.* ¶ 9.

[4] Card Agreement, Exhibit 1 to Kwiatek Decl. at 10.

[5] *Id.*

Agreement.[6]

## II.   LEGAL STANDARD AND APPLICABLE LAW

On a motion to compel arbitration, "the court applies a standard similar to that applicable for a motion for summary judgment."[7]  "If undisputed facts in the record require[ ] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law," then a district court must compel arbitration.[8]

The determination of whether a dispute is arbitrable under the Federal Arbitration Act[9] ("FAA") consists of two prongs:  "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement."[10]  To find a valid agreement to arbitrate, a court must apply the "generally accepted principles of contract law."[11]  "[A] party is bound by the provisions of a contract that [it] signs, unless [it] can show special circumstances

---

[6]     See Best Buy Account Statements, Exhibits 3-4 of Kwiatek Decl.

[7]     *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

[8]     *Id.*

[9]     9 U.S.C. §§ 1–14.

[10]    *Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (quotation marks omitted).

[11]    *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir. 1987).

that would relieve [it] of such obligation."[12]  It is well-established that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed to so submit."[13]  A court should consider only "whether there was an objective agreement with respect to the entire contract."[14]

Because there is "a strong federal policy favoring arbitration . . . where . . . the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability."[15]  Thus, the Second Circuit has emphasized that

> any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  Accordingly, [f]ederal policy requires us to construe arbitration clauses as broadly as possible. We will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.[16]

However, although federal policy favors arbitration, it is a matter of consent under

---

[12]   *Id.*

[13]   *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotation marks omitted).

[14]   *Genesco,* 815 F.2d at 846.

[15]   *Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002) (quotation marks and citations omitted).

[16]   *Collins & Aikman Prods. Co. v. Building Sys., Inc.,* 58 F.3d 16, 19 (2d Cir. 1995) (quotation marks and citations omitted).  *Accord WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997).

the FAA, and "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit."[17]  "[I]f federal statutory claims are asserted, [a court] must consider whether Congress intended those claims to be nonarbitrable . . . ."[18]

## III. DISCUSSION

### A. Existence of the Arbitration Agreement

Plaintiff does not dispute that defendant's Card Agreement contains an arbitration provision.  Plaintiff instead argues that because defendant has not furnished evidence that she actually received and agreed to the Card Agreement, defendant has failed to demonstrate that she agreed to be bound by its terms.  Defendant has produced an exemplar of the Card Agreement sent as a matter of course to all account holders, and an affidavit by a Citibank employee who states that a copy of the Card Agreement was mailed to plaintiff in October 2013.[19]  Defendant has not, however, provided a personalized or signed Card Agreement explicitly demonstrating Carr's assent to its terms — plaintiff says this should be fatal to defendant's claim.

---

[17]   *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (quotation marks omitted).

[18]   *Genesco,* 815 F.2d at 844.

[19]   *See* Kwiatek Decl. ¶¶ 7-9.

The merits of this argument aside,[20] it is a challenge to the formation of the Card Agreement as a whole — not a challenge to the arbitration provision within the Card Agreement.  As the Supreme Court made clear in *Buckeye Check Cashing v. Cardegna*, the question of whether a valid arbitration provision exists within an agreement is distinct from whether the parties entered into an agreement at all.[21]  "[A]s a matter of substantive federal arbitration law . . . unless [plaintiff's] challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."[22]  Applying this rule to Carr's case, I conclude that because she challenges the Card Agreement, and not the specific arbitration provision contained therein, that provision is valid and enforceable.  Carr's argument as to whether she ever entered into the Card Agreement at all must be considered by an arbitrator, and not this Court.

---

[20]    It is noteworthy, however, that the merits seem quite weak, especially considering the unrebutted evidence that Carr used her Best Buy card regularly, *see* Best Buy Account Statements, Exhibits 3-4 to Kwiatek Decl., and authority in both South Dakota (the situs of the Card Agreement) and New York deeming the use of a credit card to be acceptance of the agreement governing that card's account.  *See* S.D. Codified Laws § 55-11-9 ("[t]he use of an accepted credit card . . . creates a binding contract between the card holder and the card issuer"); *Anonymous v. J.P. Morgan Chase & Co.*, No. 05 Civ. 2442, 2005 WL 2861589, at *4 (S.D.N.Y. Oct. 31, 2005).

[21]    546 U.S. 440, 444-46 (2006).

[22]    *Id.* at 445-46.

   B.   **Scope of the Arbitration Agreement**

   Plaintiff's claim clearly falls within the scope of the Card Agreement's arbitration clause, which provides that "*all* Claims are subject to arbitration," including claims "relating to [plaintiff's] account, a prior related account, or [the parties'] relationship."[23]  Where, as here, "the contract's arbitration clause is a broad one, 'the strong presumption in favor of arbitrability applies with even greater force.'"[24]  The Card Agreement contemplates the arbitration of any claim related to the parties' relationship, and the existence of consent to contact the plaintiff via telephone undeniably implicates the parties' relationship with each other.  Plaintiff's argument that her claim is unrelated to the substance of the Card Agreement is beside the point — even claims that merely "implicate" parties' rights and obligations under an agreement are subject to arbitration.[25]  Multiple courts in this Circuit have held that TCPA claims are arbitrable pursuant to arbitration provisions contained in a variety of agreements, including credit card

---

   [23]   Card Agreement at 10 (emphasis added).

   [24]   *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 27 (2d Cir. 1995) (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991)).

   [25]   *Collins*, 58 F.3d at 23.

agreements,[26] and I so find here.

## IV. CONCLUSION

For the foregoing reasons, Citibank's motion to compel arbitration is GRANTED. The Clerk of the Court is ordered to close this motion (Dkt. No. 10), and a stay is entered in this action pending completion of arbitration proceedings.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 23, 2015

---

[26] *See, e.g., Moore v. T-Mobile USA Inc.*, 548 Fed. App'x 686, 687 (2d Cir. 2013) (telephone service agreement); *Salerno v. Credit One Bank, NA*, No. 15 Civ. 516, 2015 WL 6554977, at *5-6 (W.D.N.Y. Oct. 29, 2015) (credit card agreement).

## -Appearances-

**For Plaintiff:**

Craig T. Kimmel, Esq.
Kimmel & Silverman
30 E. Butler Avenue
Ambler, PA 19002
(215) 540-8888

**For Defendant:**

Justin A. Angelo, Esq.
Ballard Spahr LLP
919 Third Avenue
New York, NY 10022
(646) 346-8012